UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GARY W. ALEXANDER & DIANE M. ALEXANDER, husband and wife and the marital community composed thereof,<br><br>                Plaintiffs,<br><br>  v.<br><br>DEUTSCHE BAN NATIONAL TRUST COMPANY AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST 2007-7, AND AS TRUSTEE OF DLSA MORTGAGE LOAN TRUST 2006-AR1, a foreign corporation, et al.<br><br>              Defendants. | NO: CV-12-5148-RMP<br><br>ORDER DISMISSING ACTION SUA SPONTE FOR LACK OF SUBJECT MATTER JURISDICTION |

      This action was filed on Friday, November 2, 2012. ECF No. 1. Contemporaneously with the complaint, the Plaintiffs filed a motion for a temporary restraining order seeking to enjoin a trustee sale scheduled to proceed on Friday, November 9, 2012. ECF No. 2. The Court has reviewed all filings and is fully informed.

ORDER DISMISSING ACTION SUA SPONTE FOR LACK OF SUBJECT MATTER JURISDICTION ~ 1

The complaint alleges three state-law causes of action: (1) wrongful foreclosure under Washington law; (2) violation of the Washington State Consumer Protection Act; and (3) a declaratory judgment action to quiet title to the subject property and to interpret loan agreements. ECF No. 1 at 7-9.

The complaint asserts diversity of the parties as the basis of subject matter jurisdiction in this Court. Federal district courts have subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)).

The Plaintiffs are alleged to be residents of Washington. ECF No. 1 at 1-2. The Defendants listed in the caption are all alleged to be corporations organized under the laws of states other than Washington.[1] ECF No. 1 at 2. Despite the requirements of Federal Rule of Civil Procedure 10(a), Northwest Trustee Services, Inc., ("NWTS") is listed as a party in the body of the complaint but is not listed in the caption. However, the caption is not controlling, and a court "may

---

[1] The Court notes that the complaint fails to allege the principal places of business for those corporate defendants listed in the caption.

ORDER DISMISSING ACTION SUA SPONTE FOR LACK OF SUBJECT MATTER JURISDICTION ~ 2

1 consider a complaint to have named the proper defendant 'if the allegations made
2 in the body of the complaint make it plain that the party is intended as defendant.'"
3 *Barsten v. Dep't of Interior*, 896 F.2d 422, 423 (9th Cir. 1990) (quoting *Rice v.*
4 *Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983)).  As
5 NWTS is the target of the Plaintiff's motion for a temporary restraining order, the
6 Court concludes that NWTS is a defendant in this action.

7     NWTS is alleged to be a Washington corporation with its principal place of
8 business in Bellevue, Washington.  ECF No. 1 at 2.  As the Plaintiffs are also
9 alleged to be residents of Washington, the complaint fails to establish complete
10 diversity of the parties.  Diversity is the only basis of jurisdiction alleged in the
11 complaint.  The three causes of action alleged in the complaint all raise issues of
12 state law.  Accordingly, the complaint fails to establish a basis for this Court to
13 assert subject matter jurisdiction over the case.

14     Accordingly, **IT IS HEREBY ORDERED:**

15     1. The above-caption case is **DISMISSED WITHOUT PREJUDICE** for
16        lack of subject matter jurisdiction.

17     2. Costs and fees shall not be charged to any party.

18 / / /
19 / / /
20 / / /

ORDER DISMISSING ACTION SUA SPONTE FOR LACK OF SUBJECT
MATTER JURISDICTION ~ 3

3. All pending motions are hereby **DENIED AS MOOT**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel and to **close** this file.

**DATED** this 6th day of November.

                            *s/ Rosanna Malouf Peterson*
                            ROSANNA MALOUF PETERSON
                          Chief United States District Court Judge

ORDER DISMISSING ACTION SUA SPONTE FOR LACK OF SUBJECT MATTER JURISDICTION ~ 4